# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHELDON MARVIN FOX, II, | |
| Plaintiff, | Case No. 4:23-cv-00014-JMK |
| v. | |
| TIMOTHY ROSARIO and KATHRYN E. MASON, | |
| Defendants. | |

## ORDER OF DISMISSAL

On July 10, 2023, self-represented prisoner Sheldon Marvin Fox, II ("Plaintiff"), filed a civil rights complaint, a civil cover sheet, and paid the filing fee.[1] In Claim 1, Plaintiff alleges Alaska State Trooper Timothy Rosario violated Plaintiff's right to due process when he presented false and misleading testimony to the grand jury, which led to Plaintiff's indictment in *State of Alaska v. Fox,* Case No. 4TO-22-00082CR.[2] Plaintiff alleges the state court dismissed the indictment dated March 28, 2023, after finding Trooper Rosario's testimony to be "false and misleading."[3] In Claim 2, Plaintiff alleges Assistant District Attorney Kathryn E. Mason violated his due process rights during the grand jury hearing because she

---

[1] Dockets 1–2.

[2] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[3] Docket 1 at 3.

"knew or should have known that she was eliciting false and misleading testimony from Trooper Rosario.[4] For relief, Plaintiff requests damages in the amount $3,000,000.00; punitive damages in the amount of $3,000,000.00; an order prohibiting Defendants from retaliating against Plaintiff or his family.[5]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[6] of the online docket records for the Alaska Trial Courts.[7] The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[8] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

---

[4] Docket 1 at 4.

[5] Docket 1 at 8.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[7] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[8] 28 U.S.C. §§ 1915, 1915A.

Case No. 4:23-cv-00014-JMK, *Fox v. Rosario, et al.*
Order of Dismissal
Page 2 of 7
Case 4:23-cv-00014-JMK   Document 4   Filed 12/04/23   Page 2 of 7

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[12] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[13] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal

---

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 4:23-cv-00014-JMK, *Fox v. Rosario, et al.*
Order of Dismissal
Page 3 of 7
Case 4:23-cv-00014-JMK   Document 4   Filed 12/04/23   Page 3 of 7

law.[14] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[15]

Allegations that deliberately false statements proximately caused a plaintiff's arrest or prosecution are brought under the Fourth Amendment, rather than the Due Process Clause of the Fourteenth Amendment.[16] In order to prevail on a Fourth Amendment "fabrication-of-evidence" malicious prosecution claim, a plaintiff "'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'"[17] Further, a plaintiff must show a favorable termination of the underlying criminal case against him. The favorable termination requirement serves multiple purposes: (i) it avoids parallel litigation in civil and criminal proceedings over the issues of probable cause and guilt; (ii) it precludes inconsistent civil and criminal judgments where a claimant could

---

[14] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[16] *See Galbraith v. County of Santa Clara,* 307 F.3d. 1119, 1127 (9th Cir. 2002) ("We agree with the district court, however, that Fourth Amendment principles, and not those of due process, govern this case. The Fourth Amendment addresses pretrial deprivations of liberty, also at issue here, so the Fourth Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." (internal alterations, quotations, and citations omitted)).

[17] *Awabdy,* 368 F.3d at 1066 (quoting *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995)).

Case No. 4:23-cv-00014-JMK, *Fox v. Rosario, et al.*
Order of Dismissal
Page 4 of 7
Case 4:23-cv-00014-JMK   Document 4   Filed 12/04/23   Page 4 of 7

succeed in the tort action after having been convicted in the criminal case; and (iii) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings.[18] While a plaintiff need not show that the criminal prosecution ended with an affirmative indication of innocence, he must show that his prosecution ended without a conviction.[19] Courts in this circuit have generally applied the "whole judgment" rule when analyzing the favorable termination element of a Section 1938 malicious prosecution claim.[20]

In this case, a review of the publicly available state court docket reveals several charges were dismissed by the prosecutor in Case No. 4TO-22-00082CR.[21] However, Plaintiff was still convicted on three charges in that case[22]

---

[18] *Heck,* 512 U.S. at 484–485.

[19] *Thompson v. Clark,* 596 U.S. 36 (2022) (requiring "wrongful initiation of charges without probable cause" for constitutional malicious prosecution claim).

[20] *See Whitmore,* 473 Fed. Appx. 575 at *1 ("[C]onsidering Whitmore's criminal 'judgment as a whole,' Whitmore did not receive a favorable outcome."). *See also Cairns v. Cnty. of El Dorado*, 2017 WL 3049577, at *1 (9th Cir. July 19, 2017) (unpublished) ("Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the entire criminal action. The malicious prosecution claim therefore fails as a matter of law.") (emphasis in original; internal citations omitted); *Rezek v. City of Tustin,* 2017 WL 1055648, at *2 (9th Cir. Mar. 21, 2017) (unpublished) (affirming grant of summary judgment for defendants where the malicious prosecution plaintiff "was convicted of vandalism in the same action in which he was acquitted of resisting arrest," and thus could not demonstrate that the underlying trial was resolved in his favor in the context of the judgment as a whole).

[21] *State of Alaska vs. Fox II,* Case No. 4TO-22-00082CR, Docket 03/28/2023 ("Charge(s) 1, 2 disposed with a disposition of Charge Dismissed-Furtherance of Justice CrR 43(c)"); Docket 04/14/2023 ("Charge(s) 1, 2, 6, 7 disposed with a disposition of Charge Dismissed by Prosecutor").

[22] *Id.* Charge 3 (AS11.41.230(a)(1): Assault in The 4th Degree - Recklessly Injure); Charge 4 (AS11.56.757(a)(misdA): Violate Condition of Release for Felony); and Charge 5

and is currently imprisoned at the Palmer Correctional Center. While Plaintiff may be serving a sentence from a previous conviction,[23] he cannot demonstrate that he was successful in the entire criminal action at issue in this case. Therefore, a malicious prosecution claim fails as a matter of law.

Therefore, the Complaint is dismissed without prejudice, so that Plaintiff may refile his claims in the event his state court conviction is vacated, expunged, or overturned by an appropriate authority.[24] **This dismissal does not count as a strike.**[25]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice.**

2. Any pending motions are **DENIED as moot.**[26]

---

(AS11.56.750(a)(1)(A): Unlawful Contact Per Court Order) were disposed with disposition of Guilty Plea on 04/13/2023.

[23] *Cf. In the Matter of: Fox, II,* Case No. 4FA-23-02218CI (ongoing post-conviction relief regarding Criminal Case Number 4TO-20-0000CR).

[24] Dismissal of a Section 1983 action under *Heck v. Humphrey*, 512 U.S. 477, which held that a civil-damages claim that undermines a valid, underlying conviction or sentence is not cognizable is made without prejudice, such that a prisoner may refile the complaint once his conviction has been overturned. 42 U.S.C. § 1983.

[25] 28 U.S.C.A. § 1915(g). Once a prisoner has accumulated three strikes, he may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Cervantes,* 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

[26] Plaintiff is advised that the Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is to see that its resources are allocated in a way that promotes the interests of justice. Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant.

Case No. 4:23-cv-00014-JMK, *Fox v. Rosario, et al.*
Order of Dismissal
Page 6 of 7
Case 4:23-cv-00014-JMK   Document 4   Filed 12/04/23   Page 6 of 7

3. The Clerk of Court is directed to enter a final judgment.

DATED this 4th day of December, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 4:23-cv-00014-JMK, *Fox v. Rosario, et al.*
Order of Dismissal
Page 7 of 7
Case 4:23-cv-00014-JMK   Document 4   Filed 12/04/23   Page 7 of 7